21 F.3d 1122
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jacinto GUTIERREZ, a/k/a Chico Gutierrez, Defendant-Appellant.
 No. 93-3328.
 United States Court of Appeals, Tenth Circuit.
 April 15, 1994.
 
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 Defendant-Appellant Jacinto Gutierrez appeals from his sentence imposed by the district court after he pled guilty to one count of distribution of 6.8 grams of cocaine base ("crack"), in violation of 21 U.S.C. 841(a)(1). The district court based Gutierrez's sentence on the distribution of 9.6 grams of powder cocaine and 74.8 grams of cocaine base, adding 68 grams of cocaine base and 9.6 grams of powder cocaine to the amount to which Gutierrez pled because the extra cocaine came from transactions that were part of the same course of conduct or common scheme or plan pursuant to U.S.S.G. 1B1.3(a)(2). Some of the additional cocaine amounts resulted from sales by codefendant Shirley "Maxine" Robinson, that allegedly were conducted while he was not present. Gutierrez objected to the presentence report, claiming that he was not responsible for the cocaine sold by "Maxine." On appeal, Gutierrez claims that the inclusion of the "Maxine" sales was clearly erroneous.
 
 
 3
 Gutierrez claims that the district court failed adequately to explain its reasons for using the drug quantities that included "Maxine's" sales, because it adopted the findings of the probation officer rather than elaborating its own reasons for determining the drug quantities. The district court, both at the sentencing hearing and as an addendum to the presentence report, adopted the probation officer's response to Gutierrez's objection to the presentence report. Contrary to Gutierrez's claim, the arguments and evidence cited by the probation officer's response, which the district court adopted, provide this court ample ability to review the district court's finding. See United States v. Kalady, 941 F.2d 1090, 1101 (10th Cir.1991) (district court may specifically adopt presentence report to justify departure from sentencing guidelines); United States v. Coleman, 9 F.3d 1480, 1486 (10th Cir.1993) (district court may adopt facts in presentence report for purposes of setting restitution), cert. denied, 114 S.Ct. 1234 (1994).
 
 
 4
 We review the district court's finding that there was a common scheme or plan under U.S.S.G. 1B1.3(a)(2) for clear error. United States v. Roederer, 11 F.3d 973, 977 (10th Cir.1993). To include drugs outside of the conviction, the government is required to prove by a preponderance of the evidence that the drug sales were part of a common scheme or plan. Id. at 978. After reviewing the record, we conclude that there was sufficient evidence for the district court to find that the 29.8 grams of cocaine base sold by "Maxine" alone were sold as part of a common scheme or plan to which Gutierrez was a party. We find that the evidence supports a conclusion that Gutierrez and "Maxine" were partners in a drug operation, and thus it was not clearly erroneous for the district court to attribute sales made by "Maxine" to Gutierrez.
 
 
 5
 Gutierrez's sentence is accordingly AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470